18-2189 Nina Trillisky v. City of Chicago With the lawyers who are going to argue the case, please introduce yourself to the court. Good morning, Your Honor. Daniel Kurowski for Appendix Nina Trillisky and Leilani Fetrow. Good morning. Susanna Loos for the City of Chicago, the defendant at law. Okay, and the appellant, do you need some time for rebuttal? I would, as a matter of caution, I'd like to reserve five minutes, Your Honor. Okay. All right. Let's proceed. Good morning, Your Honors. As I mentioned, Daniel Kurowski for the plaintiffs. May it please the Court, we're here today on a fairly narrow topic, and it's the taxability as a matter of law of real estate transfers from Fannie Mae and Freddie Mac to private purchasers. But we're not even talking about taxation generally, but more specifically real estate transfer taxes within the City of Chicago from these two entities. Mr. Kurowski, if we find as a matter of law that Freddie Mae and Fannie Mac are not governmental entities, does your argument fail? And by government, do you mean governmental bodies? Yes. Your Honor, if Your Honors find that Fannie Mae and Freddie Mac are not considered governmental bodies, and there's a dispute in terms of what that means and should mean here, the exemption would not apply. Okay. That's what we're questioning. Okay. So is DuPage County the only county in Illinois which has ruled in your favor adopting that Freddie Mae and Fannie Mac are not subject to the real estate transfer tax? DuPage County has not ruled on that specific issue. But don't they have a policy? Correct. Okay. So under... Not ruled. I'm sorry. I know there's a policy. Yeah. So in terms of the DuPage case, we have survived the Section 2-615 motion to dismiss there. Some of the issues are a little different, Your Honors. But in that case, we had the issue that is before this Court in terms of whether Fannie Mae and Freddie Mac should be considered governmental bodies isn't even an issue there because DuPage County has taken the position, and I'm quoting here, and unfortunately this isn't in the record before, Your Honors, it is clear that Fannie Mae and Freddie Mac are considered governmental bodies because they have a public mission and were created by the federal government. Is there any statute or case in the state of Illinois that has found that Fannie Mae and Freddie Mac are governmental bodies? Not to my knowledge, Your Honors. And again, I think it's in part steps back to an even broader issue that really the courts within the state have not specifically considered what does the term governmental body mean, I'd say more generally, but let alone in the specific context that we're talking about here, which is the real estate transfer tax. I have a question in regards to the real estate transfer tax. Yes, sir. Your reliance on the Illinois Administrative Code, okay, where in the ordinance does it indicate that they're relying on the Illinois or adopting or in any way indicating that they're adopting the Illinois Administrative Code? Your Honor, our citation to the Illinois Administrative Code, to answer your question initially, I'm not aware of any specific portion within the City of Chicago Municipal Code adopting the ordinance. I'm also not aware of any citation within the Chicago Municipal Code or anything thereto that has defined what the term governmental body means for purposes of the exception. And so what we consider is why we think it's important is the Illinois real estate transfer tax law, out of which the Administrative Code provision that we talked about addresses or arises from, and it's relevant because the City of Chicago's municipal ordinance is dark, and so it's dark on the definition. It's silent on it. And our point is that, you know, when we're in this darkness and there's a source of light that we can look to to help us eliminate the issue that we're trying to resolve here, it's a perfect source of information to apply. But when we look at, you know, as a code, we look at it as well as a statute in terms of the intent of the drafters. So if it is dark, wasn't it done on purpose then? Because if they wanted to include that language or that definition of a governmental body, then the city council would have put that into the code. Not necessarily, in part because, you know, the Illinois real estate transfer tax law at the state level is just as dark, and it's sort of that illuminating matter needed to be resolved. But you're relying on that, right, the Illinois Administrative Code? We are. We think that in the position where there isn't a definition here, generally, let alone in the specific context, this narrow context that we're here before the court, we think it is a perfect and excellent source for determining the issue here. You know what bothers me, and there isn't much of it in the brief, is the fact that it's my understanding that Freddie Mac and Fannie Mae are corporations that have issued stock and are owned by private shareholders. Isn't that correct? To a certain extent, that is correct, Your Honor. If that is the case, then how could they be a governmental body? Sure, and I think the answer to that is twofold. First, this notion that they're private, a private entity or a private corporation, needs to be tempered by the fact that the federal government, since 2008, now controls, I think, 80% of the stock of Fannie Mae and Freddie Mac. Do you know of any corporation that issues stock to private shareholders that's considered a governmental body? Can you name one? I haven't researched that particular issue, Your Honor, but I think, again, going back to the only definition that we have here for governmental body, which looks to whether an entity was created to carry out a public function and was created by a federal, state, or local unit of government, in this narrow circumstance, Fannie Mae and Freddie Mac absolutely would apply here, notwithstanding the fact that they are, were initially a government body, spun off by the government to be a private corporation, but then beginning to get out of control. And then are changed through various laws over the years. Exactly. And now it's owned by private people, so, I mean, I don't know how they could be a governmental body. Yeah, and on that private issue, I mean, that sort of relates to, again, the 2008 acquisition of, basically, the government takeover by Fannie Mae and Freddie Mac. And the federal government controls, I think, according to some of the statutes that we, or some of the cases we had cited in our briefs, something like 79% of all the shares control all the shareholder decision-making, appoints the board. So there are these notions of control that really distinguish this Fannie Mae and Freddie Mac from an ordinarily regulated entity or an ordinary corporation. Going back to the code, and you're relying on the code with regards to the definition, there's a question I have. It appears that the transfer tax, which includes the exemption that's at issue here, was incorporated or passed in 1992. But the definition that's in the code, in the Illinois Administrative Code, wasn't included in that until 2004. So if it's supposed to have been intended to be in the code, I mean, in the municipal code, how do you explain that it wasn't really drafted and placed into the Illinois Administrative Code until 2004? So how can we determine the intent there that you indicated earlier in regards to it being dark, but they really were intending it because it was in the Illinois Administrative Code? I really can't speak in terms of the intent of the Chicago Municipal Code. I think, if anything, the discrepancy in timing indicates a need for the description and some guidance to be provided on that issue. And I think both the Chicago Municipal Code and the Illinois Code both did not define the term. Both statutes do not define it. So if anything, it signifies to me a later intent that there was a need for some guidance on how to define and apply the term. No, I understand. Are there any other questions? I'm here to, you don't necessarily need to hear me continue to speak. I can recite briefs, but nobody wants that. Well, if there's something you need to tell us that could convince us as to your position, we're here to hear it. Sure, and I think just, you know, Your Honors has specifically requested some issues on the jurisdictional issues. And just attending briefly to those, we think that the matter before the court in terms of the exhaustion of administrative remedies isn't so much a jurisdictional issue, but is one of procedure and policy. As a matter of procedure and policy, the courts have adopted a number of exceptions to it. And so we think first and foremost the city waived arguments by not cross appealing the determination that was not in its favor at the lower court level. But also we think that the lower court did get it right in this instance in finding that the exceptions do exist here, should the further analysis be required. Thank you very much for your time. Good morning. May it please the court. Good morning. The dismissal of Plaintiff's complaint was warranted on two grounds, the failure to exhaust administrative remedies and Plaintiff's failure to state a claim as a matter of law. I'll begin where my opposing counsel left off with a few brief comments on Plaintiff's failure to exhaust administrative remedies. First, I just want to emphasize that the city of Chicago did not need to file a cross appeal, nor could it have. It received all the relief it had requested in the circuit court. And we do submit that that doctrine does apply here, and Plaintiff's did have an administrative procedure available that provided an adequate remedy at law, and that none of the exceptions to that doctrine fit here. Plaintiff's also failed to state a claim as a matter of law because Fannie Mae, as a matter of law, and Freddie Mac are not governmental bodies. Fannie Mae's legal form is defined by federal statutes, statutory charters, and the Housing and Economic Recovery Act that we discuss in our brief. Those statutes create, define, and place limitations on those entities. And these statutes tell us that Fannie Mae is a private entity that expressly lacks, quote, powers that are reserved to the government as sovereign, end quote, and, quote, the power to commit the government financially. So they may be, in some instances, they're considered federal instrumentalities, but that alone does not make them a governmental body. The courts have deemed Fannie Mae federal instrumentalities for various purposes since long before 2008, but Plaintiff's say that's when they became governmental, so clearly being a federal instrumentality alone is not sufficient. FHFA now acts as conservator, and that doesn't transform Fannie Mae into a governmental body either. It makes the FHFA conservator of a private for-profit entity, and when the FHFA is running the business, acting as conservator of Fannie Mae, it has no power to act as the sovereign or commit the government financially either. Now, with respect to the provision of the Illinois Administrative Code that Felicity relies on, that regulation applies to county assessment of the state real estate property transfer tax. It has not been adopted by the city council or the comptroller in its administrative capacity, so it is just, to the extent it's relevant, it's another example of when that term has been used and defined by various entities, and it should be considered only along with all the other cases that have addressed how the term has been used in similar and other contexts, and the other statutes that have used and defined that body frequently, as we point out in the brief. What about their argument that even though the municipal code is silent with regards to issues about governmental body, they're asking us to look at the Illinois Administrative Code because the Illinois Administrative Code does define what a governmental body is. At best, it's one example of another definition of that term, and there are several others, and one is certainly not binding, and of course, the city council's lack of a definition of governmental body really leads us to ordinary principles of statutory construction, so we would look to how the term is commonly used, and so we have several resources available that we discuss at length in our brief to demonstrate how it's used. Also, I would note that administrative code provision defines governmental body as an entity created to carry out a public function by a federal, state, or local unit of government, and plaintiffs focus on the public function aspect of it. The use of the term there, and the court's use of the term in case law, shows that government and creation and control is not the end-all, be-all of whether an entity is a governmental body. Probably the most analogous case we have is the Lombard Public Facilities Corporation, where clearly the government had created and controlled that corporation, but it did not take on governmental characteristics. It took on a specific project in the public interest, a hotel and convention center development, but the court looked at whether the entity had control over the village and its decisions, and whether it was a subdivision of the village, and whether the entity performed a function necessary to maintain the village, and concluded that it did not. It did not fit within the governmental body exemption. So in short, the entity has to take on those quintessential governmental characteristics, either regulatory power or a public function. And plaintiffs want to equate public function with public interest, but there's no case that supports that, and it would be an unworkable test. It makes no sense in light of the plaintiff's position that the 2008 conservatorship marked the moment when Fannie Mae became a governmental entity. It's always been a governmental created entity with a laudable public purpose, but that purpose did not change in 2008. The conservatorship did not change that purpose. The question is whether there is a public function that is a quintessential government public function that is being performed, and there are two cases that we discuss in our brief, Brugger and Hubbell, that show what is meant by public business or public function. Those are services provided to the general public, street maintenance, planning of transportation systems. And we submit that Fannie Mae does not take on any of those kinds of functions. What about the reliance on this DuPage County memorandum? That memorandum is not – I haven't read the exact thing that my opposing counsel quoted here this morning, but that DuPage County memorandum, for one thing, was describing a different issue. There was another case in which similar buyers to Fannie Mae and Freddie Mac property had asserted federal preemption, and the memorandum that's in the record here reflected that that preemption means that Fannie Mae and Freddie Mac themselves cannot be taxed by state and local governments. But, of course, the Seventh Circuit held a couple years ago that the buyers of Fannie Mae and Freddie Mac properties can be. And so the DuPage County, to the extent they take a position that's not ours, we submit that's not supported by the law, by the case law and the common use of the term governmental body. And in terms of stock ownership, to the extent – I just want to point out in response to your question that to the extent the federal government owns stock in Fannie Mae, it owns stock in a private for-profit corporation. That doesn't change the general – doesn't turn the character of the entity into a governmental entity. So without sovereign power or providing a quintessentially government service to the general public, Fannie Mae and Freddie Mac are not governmental bodies, and they are not exempt from the transfer tax, so the plaintiff's claims fail as a matter of law. We do ask that the judgment of the Circuit Court be affirmed. Thank you. Your Honors, again, Daniel Kurowski for the record. In terms of just a few points that counsel made in the recitation of their position, really, first and foremost, in terms of the idea that some sort of sovereign power or function is necessary in order for Fannie Mae or Freddie Mac to be considered a governmental body for purposes of the narrow issue of real estate transfer taxes, all of the cases that the city has cited to suffer initially from a primary defect is in that it's sort of the idea of these application of the tax cases to Fannie Mae and Freddie Mac, in the first instance, are difficult to apply because Fannie Mae and Freddie Mac itself is exempt from taxes under federal law. Second, in terms of the citation to the Lombard Public Facilities Corporation case, counsel had indicated that that case supports the proposition that the court in that instance looked to whether the Lombard Public Facilities Corporation controlled the village of Lombard. And that, we submit, is not the analysis that the court conducted. It's the other way around. It's whether the village of Lombard controlled the entity. And that control aspect was important in that case because the Public Facilities Corporation, in attempting to get the tax exemption, had attempted to apply another court, another case, a Southern Illinois University case, in which that issue of control was very important. And the court found in the Southern Illinois case that that degree of control was there and because the degree of control was there, the exemption applied. So, barring further questions from your honors, thank you for your time. Thank you. Thank you. Thank you for giving us some very interesting briefs and a very interesting case. And, Sergeant, we will give you a decision after that.